# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| COURTNEY A. BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-01065-MTS |
| ) | |
| PARALLON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Courtney Byrd's Application to Proceed in District Court Without Prepaying Fees or Costs.  Doc. [2].  Having reviewed the financial information provided in support, the Court concludes that Plaintiff is unable to pay the filing fee.  The Court therefore will grant the Application, *see* 28 U.S.C. § 1915(a), but the Court will not order the service of process on Plaintiff's Complaint at this time, *see id.* § 1915(d).  Because Plaintiff's Complaint fails to state a claim on which relief may be granted, the Court will require Plaintiff to submit an amended complaint and to show cause in writing why the Court should not dismiss this action as untimely.  *See id.* § 1915(e)(2)(B).

## The Complaint

Plaintiff is self-represented in this matter.  She asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e to 2000e-17; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634; and the Rehabilitation Act of 1973, 29 U.S.C. § 701–797b.  She claims that Parallon, her former employer, discriminated against her because of her race, national origin, color, gender, disability, and age.  In

conjunction with her Complaint, Plaintiff submitted a copy of a right-to-sue letter dated December 1, 2023, from the Equal Employment Opportunity Commission ("EEOC"). Doc. [1-1]. She did not provide a copy of her initial charge of discrimination.

## Discussion

**1.     Rule 8 of the Federal Rules of Civil Procedure**

Rule 8 of the Federal Rules of Civil Procedure requires Plaintiff to set forth a short and plain statement of the claim showing she is entitled to relief. The rule also requires each allegation to be simple, concise, and direct. Plaintiff must comply with Rule 8 even though she is self-represented. *See Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (per curiam) (stating that a self-represented litigant is not excused from Federal Rule of Civil Procedure 8, "which requires a short and plain statement showing the pleader is entitled to relief"). The Court finds that Plaintiff plainly has failed to comply with this Rule.

Plaintiff filed her Complaint on the Court's "Employment Discrimination Complaint" form. Under "Nature of the Case," she indicates with checkmarks that Parallon discriminated against her because of her race, national origin, color, gender, disability, and age. Despite these assertions, Plaintiff makes *no* factual allegations on the portion of the form that requests "the essential facts of [her] claim." She left the entire section completely blank. Thus, she has not provided a short and plain statement showing she is entitled to relief.[1]

---

[1] The pages of documents Plaintiff filed as a supplement do not save her flawed Complaint. *See Nichols v. Vilsack*, 1:13-cv-01502-RDM, 2015 WL 9581799, at *1 (D.D.C. Dec. 30, 2015) (explaining that "where undifferentiated documents are submitted along with a complaint that is itself lacking in detail, asking the Court to comb through the attachments to discern the substance of the plaintiff's claims risks placing it more in the role of advocate than judge and risks denying the defendant fair notice and an opportunity to respond to identifiable allegations of wrongdoing").

    **2.**    **Timeliness**

A plaintiff in a Title VII action has ninety days from receipt of the right-to-sue letter to file a civil action. *See* 42 U.S.C. § 2000e-5(f). The ninety-day limit also applies to claims under the ADA, ADEA, and Rehabilitation Act. *See* 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e); 29 C.F.R. § 1614.407(a); *see also, e.g.*, *Hall v. United Parcel Serv., Inc.*, 101 F. App'x 764, 765 (10th Cir. 2004) ("A plaintiff must initiate litigation on an ADA claim within ninety days from the date he receives a 'right to sue' letter from the EEOC."). Failure to file a timely civil action warrants dismissal of the complaint. *See, e.g.*, *Braxton v. Bi-State Dev. Agency*, 728 F.2d. 1105, 1108 (8th Cir. 1984). Here, Plaintiff's right-to-sue letter is dated December 1, 2023. Doc. [1-1]. Plaintiff filed the present action 244 days later. Thus, by all appearances, Plaintiff's Complaint is time-barred. For that reason, the Court will require Plaintiff to show cause in writing why the Court should not dismiss this action as untimely.

## Motion for Appointment of Counsel

Plaintiff also has filed a Motion for Appointment of Counsel. Doc. [3]. Civil litigants do not have a constitutional or statutory right to appointed counsel. *See Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, a district court may appoint counsel in a civil action if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the action, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and

the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having reviewed these factors, the Court finds that the appointment of counsel is not warranted at this time in this action. Here, Plaintiff has yet to file a complaint that survives initial review; she has yet to establish she has a non-frivolous claim. Further, neither the factual nor the legal issues in this action appear to be complex. The Court may entertain future motions for appointment of counsel if the action progresses.

## CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. [2]. Plaintiff must file an amended complaint to address the issues identified herein.[2] *See, e.g.*, *Fields v. Federal U.S. Marshals*, 4:24-cv-00421-MTS, 2024 WL 4253017, at *3 (E.D. Mo. Sept. 20, 2024) (allowing pro se plaintiff opportunity to amend complaint before pre-service dismissal). Additionally, Plaintiff must show cause in writing why the Court should not dismiss this action as untimely. The Court will deny Plaintiff's Motion for Appointment of Counsel. Doc. [3].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

---

[2] The Court will deny Plaintiff's pending Motion to Amend, Doc. [5], because her proposed amended complaint suffers from the same defects as her original complaint. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719–20 (8th Cir. 2014) (district court may properly deny leave to amend complaint when proposed amendments would be futile). Once again, Plaintiff provided *no* factual allegations on the portion of the form that requests "the essential facts of [her] claim." Plaintiff must file a new amended complaint that satisfactorily addresses the issues the Court identified herein.

4

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend, Doc. [5], is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to Plaintiff a copy of the Court's "Employment Discrimination Complaint" form (MOED-0035).

**IT IS FURTHER ORDERED** that Plaintiff shall carefully complete the form in its entirety and return it no later than **Tuesday**, **October 22, 2024**.  Plaintiff shall attach thereto a copy of the charge of discrimination she filed with the EEOC.

**IT IS FINALLY ORDERED** that, no later than **Tuesday**, **October 22, 2024**, Plaintiff shall show cause in writing why the Court should not dismiss this action as untimely.

**Plaintiff's failure to comply with any part of this Memorandum and Order will result in the dismissal of this action without further notice to Plaintiff.**

Dated this 8th day of October 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE